IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BENNY LEE HODGE,
#032835
Kentucky State Penitentiary
P.O. Box 5128
Eddyville, KY 42038

       Plaintiff,

VS.                                                                CA No._____

FEDERAL BUREAU OF INVESTIGATION,
J. Edgar Hoover Building
935 Pennsylvania Avenue, NW
Washington, DC  20535-0001

       and

UNITED STATES DEPARTMENT OF JUSTICE,
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530

       Defendants.

## COMPLAINT FOR INJUNCTIVE RELIEF

### Jurisdiction

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, to enjoin the Defendant Federal Bureau of Investigation from continued withholding of records requested by the Plaintiff, Mr. Benny Hodge, and relating to Plaintiff, including records from all files, numbered and letter subfiles, 1A envelopes, enclosures behind files, Bulky Exhibits and control files ("Records") and to order the release of Records in the possession of Defendant.

2.      This Court has jurisdiction of this action pursuant to 5 U.S.C. § 552(a)(4)(B).

## Parties

3.      Plaintiff, Benny Lee Hodge, is a citizen of the United States of America. Plaintiff is a resident of the Commonwealth of Kentucky and is currently incarcerated at the Kentucky State Penitentiary in the Commonwealth of Kentucky and is sentenced to death. Plaintiff requested the Records which have been withheld by Defendant, the Federal Bureau of Investigation.

4.      Defendant, the Federal Bureau of Investigation ("FBI"), is an independent establishment within the Executive Branch of the United States Government. Defendant, the United States Department of Justice ("DOJ"), is a Department within the Executive Branch of the United States Government. The Federal Bureau of Investigation is a component of the United States Department of Justice, which is an "agency" within the meaning of 5 U.S.C. § 552(f)(1). Defendants have possession of the Records Plaintiff seeks.

## Procedural History

5.      On or about October 10, 2002, Plaintiff made a FOIA request to Defendant FBI for release of the Records. (Exhibit 1). Plaintiff sought, and continues to seek, the Records in order to prepare his collateral attack upon his conviction and sentence.

6.      On or about October 30, 2002, Defendant FBI advised Plaintiff that the requested documents were being processed for disclosure under FOIA, that Defendant FBI "receives numerous requests[,]" and that "[s]ome delay should be expected[.]"

(Exhibit 2).

7.      On or about November 8, 2002, Plaintiff sent follow-up correspondence requesting a reference file number and an estimate of the time for processing Plaintiff's FOIA request.  (Exhibit 3).

8.      On or about November 22, 2002, Defendant FBI advised Plaintiff that the reference file number was 190-LS-70274, and that it would take approximately nine to twelve months to process the request.  (Exhibit 4).

9.      On or about September 22, 2003, Defendant FBI advised Plaintiff that the FOIA documents had been reviewed and processed, and that Plaintiff must remit copying expenses in the amount of $26.10 before release of the Records.  (Exhibit 5).

10.     On or about October 20, 2003, Plaintiff sent the requested amount via money order.  (Exhibit 6).

11.     On or about November 3, 2003, Defendant FBI released 361 pages of heavily redacted documents and advised Plaintiff that 208 pages of additional Records responsive to Plaintiff's FOIA request were being withheld entirely.  (Exhibit 7).

12.     On January 2, 2004, Plaintiff filed his administrative appeal.  (Exhibit 8).

13.     On or about January 21, 2004, the DOJ, Office of Information and Privacy, acknowledged receipt of the administrative appeal and assigned appeal number 04-0814 ("DOJ letter").  The DOJ letter informed Plaintiff that there was a general practice of assigning appeals in the approximate order of receipt, and that there was a "substantial backlog of pending appeals received prior to yours."  The DOJ letter stated that "[t]he necessity of this delay is regretted and your continuing courtesy is appreciated."  (Exhibit 9).

14.     On or about March 6, 2006, Defendant FBI, through Defendant DOJ, denied Plaintiff's administrative appeal, citing 5 U.S.C. § 552(b)(2), 5 U.S.C. § 552(b)(7)(C), 5 U.S.C. § 552(b)(7)(D), and 5 U.S.C. § 552(b)(7)(E), and released no further Records.  (Exhibit 10).  Specifically, Defendant FBI, through and acting with Defendant DOJ, made a final administrative FOIA decision regarding the requested Records.  (Id.)  The DOJ letter advised Plaintiff that judicial review of the actions of the Federal Bureau of Investigation was available in this Court.

### Claim for Relief

15.     Plaintiff hereby incorporates paragraphs 1-14 of this Complaint as if fully set forth herein.

16.     By letter dated March 6, 2006, Plaintiff's administrative appeals were denied by Defendants.  (Exhibit 10).

17.     Plaintiff has a statutory right of access to the requested information under 5 U.S.C. §552(a)(3), and there is no legal basis for Defendants' having denied such access through excessive redaction of some documents and total withholding of other documents.

18.     Plaintiff has fully exhausted his administrative remedies.

19.     Defendants' wrongful withholding of the requested Records has prejudiced Plaintiff's case by denying him the opportunity to review critical evidence. Plaintiff has been unable to obtain this evidence by any other means, and he turned to the FOIA as his last, and only, means to compel the disclosure of this critical evidence.

### Prayer for Relief

WHEREFORE, Plaintiff prays that this Court:

A.      Expedite the proceedings in this action;

B.      Enjoin Defendants from withholding the requested Records;

C.      Order Defendants to produce the Records, which have been improperly

withheld from Plaintiff;

D.      Award Plaintiff his costs and reasonable attorney fees in this action, pursuant

to 5 U.S.C. § 552(a)(4)(E);

E.      Grant such other and further relief as the Court may deem just and proper.

Dated: Washington, D.C.
       March 5, 2008

                                        Respectfully Submitted,

Of counsel:                              ___/s/ Margaret K. Pfeiffer_____
Laurence E. Komp                         Margaret K. Pfeiffer (D.C. Bar No. 358723)
P.O. Box 1785                            Lee Ann McCall (D.C. Bar No. 445740)
Manchester, MO  63011                    1701 Pennsylvania Avenue, N.W.
Tel.     (636) 207-7330                  Washington, D.C.  20006-5805
Fax.     (636) 207-7351                  Tel.     (202) 956-7500
                                         Fax.     (202) 956-6330
                                         *Attorneys for Plaintiff*
                                         *Benny Lee Hodge*

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Benny Lee Hodge | Federal Bureau of Investigation and United States Department of Justice |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    88888<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   11001<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Margaret K. Pfeiffer (D.C. Bar No. 358723)<br>Lee Ann McCall (D.C. Bar No. 445740)<br>1701 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20006-5805 | |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

○ 3 Federal Question
(U.S. Government Not a Party)

◉ 2 U.S. Government Defendant

○ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A–N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ○ A. Antitrust | ○ B. Personal Injury/ Malpractice | ○ C. Administrative Agency Review | ○ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ○ E. General Civil (Other) | OR | ○ F. Pro Se General Civil |
|---|---|---|

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

5 U.S.C. §552, Freedom of Information Act seeking to enjoin the Federal Bureau of Investigation from withholding records requested by Benny Hodge.

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE  March 5, 2008    SIGNATURE OF ATTORNEY OF RECORD  *Margaret K Pfeiffer /sb*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

**Laurence E. Komp**
Attorney at Law
423 Madrina
Ballwin, MO 63021
Phone (636) 207-7330
Fax (636) 207-7351

<u>Via Certified Mail No. 7002 0460 0001 3080 6300</u>

October 10, 2002

Federal Bureau of Investigation,
　　　Louisville Field Office
Freedom of Information -
　　　Privacy Acts Officer
600 Martin Luther King Blvd.
Louisville, KY  40202

Re: Benny Lee Hodge
SSN – 412 – 80 - 3262
DOB – 8/9/51
Place of Birth – Hawkins County, Tn.

To Whom It May Concern:

This is a request under the Freedom of Information Act, as amended 5 U.S.C. § 552. This request is made on behalf of Benny Hodge. An authorization from Mr. Hodge is attached to this request.

I request a complete and thorough search of all filing systems and locations for all records maintained by your agency pertaining to Mr. Hodge or other names as listed below. This request specifically includes "main" files and "see reference," including but not limited to numbered and lettered subfiles, 1A envelopes, enclosures behind files (EBFs), Bulky Exhibits and control files. I request that all records be produced with the administrative markings and all reports to include the administrative pages.

I wish to be sent copies of "see reference" cards, abstracts, search slips including search slips used to process this request, file covers, multiple copies of the same document if they appear in a file, and tapes of any electronic surveillance. Please search, "DO NOT FILE" files, SAC safes, special file rooms, and offices of FBI officials. I request that all pages be released regardless of the extent of excising, even if all that remains are the stationery headings or administrative markings. In addition to a search of the General Index, please search the ELSUR Index.

Please place any "missing" files pertaining to this request on "special locate" and advise me that you have done this.

If documents are denied in part or in whole, please specify which exemption(s) is (are) claimed for each passage or whole document denied. Please provide a complete itemized inventory and a detailed factual justification of total or partial denial of documents. Specify the number of pages in each document and the total number of pages pertaining to this request. For "classified" material denied please include the following information: the classification (confidential, secret, or top secret); identity of the classifier; date or even for automatic declassification, classification review, or downgrading; if applicable, identity of official authorizing extension of automatic declassification or review past six years; and, if applicable, the reason for extended classification past six years.

In excising material, please "black out" the material rather than "white out" or "cut out." I expect, as provided by the Freedom of Information Act, that the remaining nonexempt portions of documents will be released.

I believe my request qualifies for a waiver of fees since Mr. Hodge is indigent and his indigence is an obstacle to disclosure, if fees would be required. Further, since I believe that the context of some of the records would be of public interest and release of same information would contribute to understanding of the subject, a waiver of fees should be granted. If a fee waiver is not granted, please consult me before proceeding if the fee is I excess of $100.00. I reserve all rights to recover any money paid for fees not waived.

Please send a memo (copy to me) to the appropriate units in you office to assure that no records related to this request are destroyed. Please advise of any destruction of records and include the date of and authority of such destruction.

I can be reached at the telephone number listed above. Please call rather than write if there are any questions of if you need additional information from me.

Please respond to this request within twenty (20) working days as provided for in the Freedom of Information Act.

Very truly yours,

Laurence E. Komp
Attorney at Law

Enclosure

**Authorization for Release of Records**

TO:        FOI/PA Unit, Federal Bureau of Investigation
                United States Department of Justice

RE:        Records of Benny Hodge

DATE:    *8-2-02*

       You are hereby authorized to release to Laurence E. Komp, Attorney at Law, and Armand I. Judah , Attorney at Law, any and all records, documents or the like, which are in your possession.  You are further authorized to discuss these records, documents and the like, and any other matter pertaining to or concerning me, with said representatives.  I further ask that you assist them in their investigation.

                    *Benny H odge*
                    Benny Lee Hodge
                    Social Security No: 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
                    Date of Birth: 8/9/51
                    Place of Birth:  Hawkins County, Tenn.

Commonwealth of Kentucky )
                         ) ss
County of Lyon          )

       Sworn to and subscribed in my presence this *2nd* day of *Aug.*, 2002 in Eddyville, Kentucky.

                    *Paul J. Nelson*
                    NOTARY PUBLIC





**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Federal Bureau of Investigation
Louisville Field office
FOIA / PA officer
600 Martin Luther King Blvd
Louisville, Ky 40202

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) Ruth L Kruer

C. Date of Delivery 10/15/02

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7002 0460 0001 3080 6300

PS Form 3811, August 2001 Domestic Return Receipt 102595-02-M-1540

---

U.S. Postal Service
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7002 0460 0001 3080 6300

OFFICIAL USE

LOUISVILLE KY 40202

| | |
|---|---|
| Postage | $ $0.37 |
| Certified Fee | $2.30 |
| Return Receipt Fee (Endorsement Required) | $1.75 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $4.42 |

0809
31

Postmark Here: BALLWIN MO 63011 USPS 10/10/2002

Sent To FBI - Louisville Field Office (FOIA - PA Officer)

Street, Apt. No.; or PO Box No. 600 Martin Luther King Blvd.

City, State, ZIP+4 Louisville, Ky 40202

PS Form 3800, January 2001 See Reverse for Instructions

**U.S. Department of Justice**

Federal Bureau of Investigation

In Reply, Please Refer to
File No.

600 Dr. MLK Jr. Place, Room 500

October 30, 2002

Mr. Laurence E. Komp
Attorney at Law
423 Madrina
Ballwin, Missouri  63021

Dear Mr. Komp:

     Reference is made to your recent Freedom of Information-Privacy Acts request made on behalf of your client, Benny Lee Hodge. Requests were submitted by you to our London and Pikeville resident agencies as well as to the Louisville headquarters city office.  For your information, resident agencies within a division maintain no independent records system.

     A search was conducted of the indices to the central records system maintained in the Louisville Division.  Material responsive to your request was located.

     Additionally, a search of the electronic surveillance indices, as maintained at Louisville, was conducted.  No responsive record was located indicating Mr. Hodge has ever been the target of an electronic surveillance.

     Please be advised the Louisville Division receives numerous requests.  Some delay should be expected before a release of information is made.  Requests are handled by order of receipt and yours will be assigned and processed in turn.

     Thank you in advance for your patience in this matter.

     Sincerely,

     J. Stephen Tidwell
     Special Agent in Charge

     By
     David J. Beyer
     Chief Division Counsel

**Laurence E. Komp**
Attorney at Law
423 Madrina
Ballwin, MO 63021
Phone (636) 207-7330
Fax (636) 207-7351

November 8, 2002

David J. Beyer,
     Chief Division Counsel
Federal Bureau of Investigation,
     Louisville Field Office
600 Martin Luther King Blvd.
Louisville, KY 40202

Re: Benny Lee Hodge FOIA Request

Dear Mr. Beyer:

     I appreciate your responsibilities and the responsibilities of your agency. Knowing that, thank you for your quick response to the FOIA request made on behalf of my client.

     I write, as a follow-up due to what I perceive is a mere oversight or a simple clerical error. I have attached your responsive letter to the FOIA request. As you can see, the letter does not provide a reference file number for the FOIA request in the upper left hand corner. It is my understanding that such numbers are required in order for us to effectively communicate regarding the status of the FOIA request.

     Further, your correspondence indicated that there would be "some delay" in processing the request due to the volume of requests received by the Louisville Field Office. However, the correspondence did not provide an estimated timetable for when the FOIA request would be processed. Can you provide me an estimated time that the FOIA request would be completed?

     Thank you consideration of this matter.

Very truly yours,

Laurence E. Komp
Attorney at Law

Enc.





**U.S. Department of Justice**

Federal Bureau of Investigation

In Reply, Please Refer to
File No.

600 Dr. MLK Jr. Place, Room 500

October 30, 2002

Mr. Laurence E. Komp
Attorney at Law
423 Madrina
Ballwin, Missouri   63021

Dear Mr. Komp:

        Reference is made to your recent Freedom of Information-
Privacy Acts request made on behalf of your client, Benny Lee Hodge.
Requests were submitted by you to our London and Pikeville resident
agencies as well as to the Louisville headquarters city office.  For
your information, resident agencies within a division maintain no
independent records system.

        A search was conducted of the indices to the central records
system maintained in the Louisville Division.  Material responsive to
your request was located.

        Additionally, a search of the electronic surveillance
indices, as maintained at Louisville, was conducted.  No responsive
record was located indicating Mr. Hodge has ever been the target of an
electronic surveillance.

        Please be advised the Louisville Division receives numerous
requests.  Some delay should be expected before a release of
information is made.  Requests are handled by order of receipt and
yours will be assigned and processed in turn.

        Thank you in advance for your patience in this matter.

                                Sincerely,

                                J. Stephen Tidwell
                                Special Agent in Charge

                                By:
                                David J. Beyer
                                Chief Division Counsel





**U.S. Department of Justice**

Federal Bureau of Investigation

---

In Reply, Please Refer to
File No. 190-LS-70274

600 Dr. MLK Jr. Place, Room 500

November 22, 2002

Mr. Laurence E. Komp
Attorney at Law
423 Madrina
Ballwin, Missouri  63021

Re:  Benny Lee Hodge
FOIPA Request

Dear Mr. Komp:

Reference is made to your letter of November 8, 2002.

At the time of our response on October 30, 2002, no file number had been designated for your request.  The number since assigned is 190-LS-70274.

Conservatively, you can expect a delay of 9-12 months before a release of information is made in response to your request.  This estimated time of completion is based only on the number of requests preceding yours and the actual time may extend beyond that estimate.

Be assured your request is being handled as equitably and expeditiously as possible.

Sincerely,

J. Stephen Tidwell
Special Agent in Charge

By:
David J. Beyer
Chief Division Counsel





**U.S. Department of Justice**

Federal Bureau of Investigation

---

In Reply, Please Refer to
File No.

600 Dr. MLK Jr. Place, Room 500

September 22, 2003


Mr. Laurence E. Komp
Attorney at Law
423 Madrina
Ballwin, Missouri  63021

                    RE:  Benny Lee Hodge
                         FOIPA Request #:  190-LS-70274

Dear Mr. Komp:

        This is in further response to your FOIPA request made on
behalf of Benny Lee Hodge.

        Documents containing information identifiable with Mr. Hodge
have been reviewed and processed.

        Pursuant to Title 28, Code of Federal Regulations, Sections
16.11 and 16.49, there is a fee of ten cents per page for duplication.
No fees are assessed for the first 100 pages.  Upon receipt of your
check or money order, payable to the Federal Bureau of Investigation,
these documents will be forwarded to you.

        To insure proper identification of your request, please
include the FOIPA request number with your payment.

        Number of pages: 361    Amount due: $26.10


                        Sincerely,


                        Charles D. Elder
                        Special Agent in Charge



                        By:
                        David J. Beyer
                        Chief Division Counsel

**Laurence E. Komp**
Attorney at Law
423 Madrina
Ballwin, MO 63021
Phone (636) 207-7330
Fax (636) 207-7351

October 20, 2003

David J. Beyer,
     Chief Division Counsel
Federal Bureau of Investigation,
     Louisville Field Office
600 Martin Luther King Blvd.
Louisville, KY 40202

Re: Benny Lee Hodge FOIA Request
FOIPA Request # 190-LS-70214

Dear Mr. Beyer:

Pursuant to your September 22, 2003 correspondence, enclosed please find a money order payable to the Federal Bureau of Investigation for the amount of $26.10. This covers the fee assessed for copying the 361 pages. I appreciate the expeditious manner in which you handled this records request.

Thank you consideration of this matter.

Very truly yours,

Laurence E. Komp
Attorney at Law

Enc.





U.S. **Department of Justice**

Federal Bureau of Investigation

In Reply, Please Refer to
File No. 190-LS-70274

600 Dr. MLK Jr. Place, Room 500

November 3, 2003

Mr. Laurence E. Komp
Attorney at Law
423 Madrina
Ballwin, Missouri  63021

              RE:  Request of Benny Lee Hodge

Dear Mr. Komp:

        Your money order provided as payment for records
processed pursuant to the request made on behalf of your client,
Benny Lee Hodge, has been received.

        The enclosed material is from main files in which Mr.
Hodge was listed as a subject of the investigation.  Excisions
have been made from these pages in order to protect information
exempt from disclosure pursuant to the following subsections of
Title 5, United States Code, Sections 552 and 552a:  (j)(2),
(b)(2), (b)(7)(C), (b)(7)(D), and (b)(7)(E).  See Form 4-694a,
enclosed, for an explanation of these exemptions.

        Pursuant to this request, 569 pages were reviewed and
361 pages are being released.

        Notations have been made on the enclosed pages
indicating specific exemptions applied to excised portions of the
material.  Where pages have been withheld in their entirety, a
deleted page information sheet has been substituted showing the
reasons for the deletion.

        Please be advised that the files processed for this
release contain investigative records pertaining to multiple
subjects.  Only those documents containing information
identifiable with your client were processed.  If the only
mention of Mr. Hodge's name was its appearance in the title of
the document, this page was likewise not processed.

        You may submit, on behalf of Mr. Hodge, an appeal from
any denial contained herein.  Appeals should be directed in
writing to the Co-Director, Office of Information and Privacy,
United States Department of Justice, Flag Building, Suite 570,
Washington, D.C. 20530, within 60 days from receipt of this

letter.  The envelope and letter should be clearly marked
"Freedom of Information Appeal" or "Information Appeal."  Please
cite the name of the office to which your original request was
directed.

     One of the documents enclosed in this release is a copy
of Mr. Hodge's identification record or "rap sheet."  We have
released this "rap sheet" as it existed when placed in the file.
It may or may not reflect current information.  An up-to-date
copy can be obtained by complying with the instructions set forth
on the enclosed copy of Attorney General Order 556-73.
Fingerprint impressions are needed for comparison with records in
the Criminal Justice Information Services Division to ensure that
an individual's identification record is not disseminated to an
unauthorized person.

                      Sincerely,

                      Charles D. Elder
                      Special Agent in Charge

Enclosures:  (22)

2

4-694a (Rev.10-18-94)

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b) (1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy  and (B) are in fact properly classified pursuant to such Executive order;

(b) (2)   related solely to the internal personnel rules and practices of an agency;

(b) (3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the  matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b) (4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b) (5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b) (6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b) (7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to  a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, (E) would disclose techniques and procedures for law enforce-ment investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual;

(b) (8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b) (9)   geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d) (5)   information compiled in reasonable anticipation of a civil action proceeding;

(j) (2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k) (1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k) (2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k) (3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k) (4)   required by statute to be maintained and used solely as statistical records;

(k) (5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k) (6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k) (7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

# RULES AND REGULATIONS

[Order 556-73]
PART 16–PRODUCTION OR
DISCLOSURE OF
MATERIAL OR
INFORMATION

Subpart C–Production of FBI
Identification Records in
Response to Written
Requests by Subjects Thereof

By order dated September 24, 1973, the Attorney General of the United States directed that the Federal Bureau of Investigation, hereinafter referred to as the FBI, publish rules for the dissemination of arrest and conviction records to the subjects of such records upon request. This order resulted from a determination that 28 U.S.C. 534 does not prohibit the subjects of arrest and conviction records from having access to those records... In accordance with the Attorney General's order, the FBI will release to the subjects of identification records copies of such records upon submission of a written request, satisfactory proof of identity of the person whose identification record is requested and a processing fee of $18.00.

Since the FBI Identification Division is not the source of the data appearing in identification records, and obtains all data thereon from fingerprint cards or related identification forms submitted to the FBI by local, state, and Federal agencies, the responsibility for authentication and correction of such data rests upon the contributing agencies. Therefore, the rules set forth for changing, correcting or updating such data require that the subject of an identification record make application to the original contributing agency in order to correct the deficiency complained of.

The relevant provisions of the Administrative Procedure Act (5 U.S.C. 553) requiring notice of proposed rule making, opportunity for public participation and delay in effective date are inapplicable because the material contained herein relates to the interpretation of 28 U.S.C. 534 as allowing the granting of an exemption to subjects of identification records and relief of prior administrative restrictions on dissemination of such records to them. Furthermore, it is deemed in the public interest that there be no delay in effective date of availability of identification records to the subjects thereof.

By virtue of the order of the Attorney General, dated September 24, 1973, and pursuant to the authority

delegated to the Director, FBI by 28 CFR 0.85(b), Part 16 of 28 CFR Chapter I, is amended by adding the following new Subpart C:

§ 16.30 Purpose and scope

This subpart contains the regulations of the Federal Bureau of Investigation, hereafter referred to as the FBI, concerning procedures to be followed when the subject of an identification record requests production thereof. It also contains the procedures for obtaining any change, correction or updating of such record.

§ 16.31 Definition of identification record

An FBI identification record, often referred to as a "rap sheet", is a listing of certain information taken from fingerprint cards submitted to and retained by the FBI in connection with arrests and, in some instances, includes information taken from fingerprint cards submitted in connection with federal employment, naturalization, or military service. The identification record includes the name of the agency or institution which submitted the fingerprint card to the FBI. If the fingerprint card concerns a criminal offense, the identification record includes the date arrested or received, the arrest charge, and the disposition of the arrest if known to the FBI. All arrest data included in an identification record are obtained from fingerprint cards, disposition reports and other reports submitted by agencies having criminal justice responsibilities. Therefore, the FBI Identification Division is not the source of the arrest data reflected on an identification record.

§ 16.32 Procedure to obtain an identification record

The subject of an identification record may obtain a copy thereof by submitting a written request via the U.S. mails directly to the FBI, ~~Identification Division, Room 10104,~~ * ~~Washington, D.C. 20537-9700,~~ or may present his/her written request in person during regular business hours to the FBI. ~~Identification Division, J. Edgar Hoover F.B.I. Building, Tenth Street and Pennsylvania Avenue, N.W., Washington, D.C.~~ Such request must be accompanied by satisfactory proof of identity, which shall consist of name, date and place of birth and a set of rolled-inked fingerprint impressions placed upon fingerprint cards or forms

commonly utilized for applicant or law enforcement purposes by law enforcement agencies.

§ 16.33 Fee for production of identification record

Each written request for production of an identification record must be accompanied by a fee of $18.00 in the form of a certified check or money order, payable to the Treasury of the United States. This fee is established pursuant to the provisions of 31 U.S.C. 9701 and is based upon the clerical time spent the first quarter hour to be spent in searching for, identifying, and reproducing each identification record requested as specified in § 16.10 of this part. Any request for waiver of the fee shall accompany the original request for the identification record and shall include a claim and proof of indigence.

§ 16.34 Procedure to obtain change, correction or updating of identification records

If, after reviewing his/her identification record, the subject thereof believes that it is incorrect or incomplete in any respect and wishes changes, corrections or updating of the alleged deficiency, he/she should make application directly to the agency which contributed the questioned information. The subject of a record may also direct his/her challenge as to the accuracy or completeness of any entry on his/her record to the Assistant Director of the FBI ~~Identification Division, Washington,~~ * ~~D.C. 20537-9700.~~ The FBI will then forward the challenge to the agency which submitted the data requesting that agency to verify or correct the challenged entry. Upon the receipt of an official communication directly from the agency which contributed the original information, the FBI Identification Division will make any changes necessary in accordance with the information supplied by that agency.

<u>*PLEASE NOTE NEW ADDRESS*</u>

FEDERAL BUREAU OF INVESTIGATION
CRIMINAL JUSTICE INFORMATION SERVICES DIV.
SCU MOD D2
1000 Custer Hollow Road
Clarksburg, WV  26306

Laurence E. Komp
Attorney at Law
423 Madrina
Ballwin, MO. 63021
(636) 207 – 7330
(fax)(636) 207 - 7351

**VIA CERIFIED MAIL NO. 7003 1680 0002 5349 1610**

Co-Director, Office of Information and Privacy
United States Department of Justice, Ste. 570
Washington, D.C. 20530

                            Re:    FOIA Appeal
                                   Benny Lee Hodge
                                   File No. 190-LS-70274

Dear Assistant Attorney General:

     This letter will serve as an appeal of the denial of information requested on the behalf of Benny Lee Hodge, under 5 U.S.C. sec. 552, et seq. Through his FOIA request dated October 10, 2002, Mr. Hodge requested information from the Louisville FBI Field Office to search for records pertaining to him. [Exhibit A]. The FOIA request was denied on November 3, 2003. [Exhibit B].

     The FBI stated in its denial it had located 569 pages. [Exhibit B]. The FBI withheld relevant pages from the file in toto, as well as significantly redacting information contained on the disclosed pages. The FBI claimed exemptions under 5 U.S.C. sec. 552(b)(7)(C), (b)(7)(D), (b)(7)(E), 5 U.S.C. 552a(b)(2) and (j)(2). The requestor appeals for the reasons that follow.

A.    Exemption (b)(7)(C)

     The FBI claimed exemption (b)(7)(C) to withhold the documents at issue. The FBI claims release of this information "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. (b)(7)(C).

     According to the United States Supreme Court in Dept. of Justice v. Reporters Committee for Freedom of Press, 489 U.S. 749, 771 (1989), whether documents are released in a privacy claim "must turn on the nature of the requested document and its relationship to the basic purpose of FOIA." The Supreme Court defined the purpose of FOIA as intending "to shed light on an agency's performance of its statutory duties." Id. Therefore, the Court must conduct a balancing test between the public interest to be served by disclosure and the privacy interests in withholding information. This type of

1

balancing test is used in determining (b)(7)(C) claims. Lesar v. Dept. of Justice, 636 F.2d 472, 486 (D.C. Cir. 1983). As recognized by the District Court for the District of Columbia, when there is a public interest in records the balance is generally tilted in favor of disclosure. Congressional News Syndicate v. Dept. of Justice, 438 F.Supp. 538, 542 (D.D.C. 1977).

In the instant matter, a public interest would be served which outweighs any claim of personal privacy.

B.    Exemption (b)(7)(D)

The FBI also claimed exemption (b)(7)(D) to withhold the documents at issue. An exemption under 5 U.S.C. (b)(7)(D) is based upon a threshold test of whether the information withheld truly "could reasonably be expected to disclose the identity of a confidential source ... [or] information furnished by a confidential source." 5 U.S.C. (b)(7)(D). The United States Supreme Court rejects the application of sweeping presumptions of confidentiality. Rather, such sweeping presumptions do not comport with "common sense and probability." U.S. Dept. of Justice v. Landano, 508 U.S. 165, 175 (1993) citing Basic, Inc. v. Levinson, 485 U.S. 224, 246 (1988). Indeed, according to the Supreme Court, it is not "reasonable to infer that [] information is given [to the FBI] with an implied understanding of confidentiality in all cases." Id.

A generalized confidentiality claim is not adequate to support the exemption claimed under 5 U.S.C. (b)(7)(D). Sufficient proof of a promise of confidentiality for each source, with individual justifications for each inferred assurance of confidentiality, must be shown. Billington v. United States Dep't of Justice, 233 F.3d 581, 584 (D.C. Cir. 2000) ("bald assertion that express assurances were given amounts to little more than recitation of the statutory standard, which we have held is insufficient.")(citation omitted). The FBI cannot rely on conclusory assertions of compliance with Landano. Rather, the agency must provide assurances that sources in fact received promises of confidentiality before withholding information under section 552(b)(7)(D).

Similar to the (b)(7)(C) exemption, public knowledge of the identity of a confidential source precludes any (b)(7)(D) exemption status. Once a witness is publicly known, that witness cannot be withheld as a "confidential source." Powell v. Dept. of Justice, 594 F. Supp. 1508 (N.D. Cal. 1984). When a source testifies, discloses his or her identity, and testimony is "sufficiently closely related" to the subject matter of the withheld information, then confidentiality is lost. Irons v. FBI, 851 F.2d 532 (1st Cir. 1980). Further, a claim of confidentiality is also waived when the agency reveals a source as a matter of public record. When the government has so revealed a source, a confidentiality exemption is waived. Powell, 594 F. Supp. At 1529-30.

Much, if not all, of the information pertaining to Mr. Hodge's request may have been released through the four (4) public trials, the media and/or a novelist who wrote a book relying on in part on state and federal law enforcement. Accordingly, the documents at issue are not exempt from disclosure under the (b)(7)(D) exemption.

2

C.    Exemption (j)(2)

The exemption listed under (j)(2) does not apply for all of the reasons stated above.

D.    Exemption (b)(7)(E)

The FBI claimed exemption (b)(7)(E) to withhold the documents at issue. This provision allows the withholding of materials that would "disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations if such disclosure could reasonably be expected to risk circumvention of the law." This provision, however, only protects techniques and procedures not already well known to the public. E.g. Davin v. Dep't of Justice, 60 F.3d 1043, 1064 (3d Cir. 1995) (quoting Ferri v. Bell, 645 F.2d 1213, 1224 (3d Cir. 1981)); Rosenfeld v. Dep't of Justice, 57 F.3d 803, 815 (9th Cir. 1995).

The FBI has not sufficiently demonstrated how information relating to a twenty-year-old crime may contain information related to the above exemption. No attempt has been made to demonstrate that such timeworn techniques satisfy the exemption. Further, assuming such dated techniques are present in the information, it is hard to imagine that the public does not know such timeworn techniques.

E.    Exemption (b)(2)

The FBI claimed exemption (b)(2) to withhold the documents at issue. 5 U.S.C. Sec. 552a(b)(2) exempts records "related solely to the internal personnel rules and practices of an agency." A two-prong test is employed to determine the applicability of this exception. Abraham & Rose, P.L.C. v. United States, 138 F.3d 1075, 1080 (6th Cir. 1998). The agency must show that the requested information it seeks to withhold relates predominantly to an agency's rules and practices for personnel. Id. The agency must further show that the public has no legitimate interest in the information requested. Id. However, information that merely has the potential for bringing to light the practices by which an agency collects and processes information does not come within the ambit of the exception. Id. at 1081.

The FBI made no attempt to satisfy the two-prong standard applicable to this exemption. It is not simply enough to claim the (b)(2) exemption, it must be established in a non-conclusory matter that the exemption is applicable.

F.    Segregability

The FBI withheld some of the documents in toto. Under 552 U.S.C. Sec. 552(b) requires that the FBI provide "[a]ny reasonably segregable portion ... after deletion of the portions which are exempt." The broad and general claim of non-segregability does not meet the requirements under FOIA. Mead Data Central v. Dept. of Air Force, 566 F.2d

3

242, 261 (D.C. Cir. 1977). Further, an agency must state the reasons for non-segregability, to describe what portion of the information is non-exempt, and the manner in which it is dispersed throughout the document. Id., see also Wightman v. Bureau of Alcohol, Tobacco and Firearms, 755 F.2d 979, 982 (1st Cir. 1985). Under the principle of segregability, an agency cannot justify withholding an entire document simply because it contains some material exempt from disclosure. Krikorian v. Department of State, 984 F.2d 461, 467 (D.C. Cir. 1993).

The FBI has failed to release segregable material and has failed to explain why entire documents are exempt. Such vague and overbroad application of exemptions may not be used to expand the scope of the exemptions and to withhold an entire document. The FBI must, in the alternative to releasing the whole document, release all segregable portions.

G.    Conclusion

Since the exemptions do not cover the requested material, I request that you review the records and order the information disclosed. In the event that any portions are withheld or deleted, I request a specific statement of the scope of the material withheld, and a citation of the exemption sections of the initial denial upon which the denial of the appeal is based. Pursuant to the requirements for administrative appeals and the provisions of 5 U.S.C. 552 (a)(6)(ii), I request a response to this administrative appeal within twenty (20) working days. In the event of a denial, I request an opinion from the Justice Department as a precondition to denial.

Very Truly Yours,

Laurence E. Komp
Attorney at Law

CC:    Armand Judah, Esq.
       Benny Lee Hodge

4

Laurence E. Komp
Attorney at Law
423 Madrina
Ballwin, MO 63021
Phone (636) 207-7330
Fax (636) 207-7351

<u>Via Certified Mail No. 7002 0460 0001 3080 6300</u>

October 10, 2002

Federal Bureau of Investigation,
        Louisville Field Office
Freedom of Information -
        Privacy Acts Officer
600 Martin Luther King Blvd.
Louisville, KY 40202

Re: Benny Lee Hodge
SSN – 412 – 80 – 9262
DOB – 8/9/51
Place of Birth – Hawkins County, Tn.

To Whom It May Concern:

This is a request under the Freedom of Information Act, as amended 5 U.S.C. § 552. This request is made on behalf of Benny Hodge. An authorization from Mr. Hodge is attached to this request.

I request a complete and thorough search of all filing systems and locations for all records maintained by your agency pertaining to Mr. Hodge or other names as listed below. This request specifically includes "main" files and "see reference," including but not limited to numbered and lettered subfiles, 1A envelopes, enclosures behind files (EBFs), Bulky Exhibits and control files. I request that all records be produced with the administrative markings and all reports to include the administrative pages.

I wish to be sent copies of "see reference" cards, abstracts, search slips including search slips used to process this request, file covers, multiple copies of the same document if they appear in a file, and tapes of any electronic surveillance. Please search, "DO NOT FILE" files, SAC safes, special file rooms, and offices of FBI officials. I request that all pages be released regardless of the extent of excising, even if all that remains are the stationery headings or administrative markings. In addition to a search of the General Index, please search the ELSUR Index.



EXHIBIT
A

Please place any "missing" files pertaining to this request on "special locate" and advise me that you have done this.

If documents are denied in part or in whole, please specify which exemption(s) is (are) claimed for each passage or whole document denied. Please provide a complete itemized inventory and a detailed factual justification of total or partial denial of documents. Specify the number of pages in each document and the total number of pages pertaining to this request. For "classified" material denied please include the following information: the classification (confidential, secret, or top secret); identity of the classifier; date or even for automatic declassification, classification review, or downgrading; if applicable, identity of official authorizing extension of automatic declassification or review past six years; and, if applicable, the reason for extended classification past six years.

In excising material, please "black out" the material rather than "white out" or "cut out." I expect, as provided by the Freedom of Information Act, that the remaining nonexempt portions of documents will be released.

I believe my request qualifies for a waiver of fees since Mr. Hodge is indigent and his indigence is an obstacle to disclosure, if fees would be required. Further, since I believe that the context of some of the records would be of public interest and release of same information would contribute to understanding of the subject, a waiver of fees should be granted. If a fee waiver is not granted, please consult me before proceeding if the fee is I excess of $100.00. I reserve all rights to recover any money paid for fees not waived.

Please send a memo (copy to me) to the appropriate units in you office to assure that no records related to this request are destroyed. Please advise of any destruction of records and include the date of and authority of such destruction.

I can be reached at the telephone number listed above. Please call rather than write if there are any questions of if you need additional information from me.

Please respond to this request within twenty (20) working days as provided for in the Freedom of Information Act.

Very truly yours,

Laurence E. Komp
Attorney at Law

Enclosure

**Authorization for Release of Records**

TO:        FOI/PA Unit, Federal Bureau of Investigation
           United States Department of Justice

RE:        Records of Benny Hodge

DATE:      *8-2-02*

You are hereby authorized to release to Laurence E. Komp, Attorney at Law, and Armand I. Judah, Attorney at Law, any and all records, documents or the like, which are in your possession. You are further authorized to discuss these records, documents and the like, and any other matter pertaining to or concerning me, with said representatives. I further ask that you assist them in their investigation.

*Benny Hodge*

Benny Lee Hodge
Social Security No: 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
Date of Birth: 8/9/51
Place of Birth: Hawkins County, Tenn.

Commonwealth of Kentucky  )
                          ) ss
County of Lyon            )

Sworn to and subscribed in my presence this *2nd* day of *Aug.*, 2002 in Eddyville, Kentucky.

*Paul J. Nelson*

NOTARY PUBLIC





U.S. Department of Justice

Federal Bureau of Investigation

In Reply, Please Refer to
File No. 190-LS-70274

600 Dr. MLK Jr. Place, Room 500

November 3, 2003

Mr. Laurence E. Komp
Attorney at Law
423 Madrina
Ballwin, Missouri  63021

RE:  Request of Benny Lee Hodge

Dear Mr. Komp:

Your money order provided as payment for records
processed pursuant to the request made on behalf of your client,
Benny Lee Hodge, has been received.

The enclosed material is from main files in which Mr.
Hodge was listed as a subject of the investigation.  Excisions
have been made from these pages in order to protect information
exempt from disclosure pursuant to the following subsections of
Title 5, United States Code, Sections 552 and 552a:  (j)(2),
(b)(2), (b)(7)(C), (b)(7)(D), and (b)(7)(E).  See Form 4-694a,
enclosed, for an explanation of these exemptions.

Pursuant to this request, 569 pages were reviewed and
361 pages are being released.

Notations have been made on the enclosed pages
indicating specific exemptions applied to excised portions of the
material.  Where pages have been withheld in their entirety, a
deleted page information sheet has been substituted showing the
reasons for the deletion.

Please be advised that the files processed for this
release contain investigative records pertaining to multiple
subjects.  Only those documents containing information
identifiable with your client were processed.  If the only
mention of Mr. Hodge's name was its appearance in the title of
the document, this page was likewise not processed.

You may submit, on behalf of Mr. Hodge, an appeal from
any denial contained herein.  Appeals should be directed in
writing to the Co-Director, Office of Information and Privacy,
United States Department of Justice, Flag Building, Suite 570,
Washington, D.C. 20530, within 60 days from receipt of this



EXHIBIT

B

letter.  The envelope and letter should be clearly marked
"Freedom of Information Appeal" or "Information Appeal."  Please
cite the name of the office to which your original request was
directed.

One of the documents enclosed in this release is a copy
of Mr. Hodge's identification record or "rap sheet."  We have
released this "rap sheet" as it existed when placed in the file.
It may or may not reflect current information.  An up-to-date
copy can be obtained by complying with the instructions set forth
on the enclosed copy of Attorney General Order 556-73.
Fingerprint impressions are needed for comparison with records in
the Criminal Justice Information Services Division to ensure that
an individual's identification record is not disseminated to an
unauthorized person.

Sincerely,

Charles D. Elder
Special Agent in Charge

Enclosures:  (22)



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

JAN 21 2004

Laurence E. Komp, Esq.
423 Madrina
Ballwin, MO  63021

> Re:    Request No. 969663 - Benny Lee Hodge

Dear Mr. Komp:

This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation on your request for information from the files of the Department of Justice was received by this Office on January 7, 2004.

The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **04-0814**.  Please mention this number in any future correspondence to this Office regarding this matter.

We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

Sincerely,

Priscilla Jones
Administrative Specialist



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*        *Washington, D.C. 20530*

**MAR 0 6 2006**

RECEIVED
BY L EK   DATE 3/10/06

Laurence E. Komp, Esq.       Re:   Appeal No. 04-0814
423 Madrina                       Request No. 969663
Ballwin, MO  63021             BVE:ADW:MJS

Dear Mr. Komp:

     You appealed on behalf of your client, Benny Lee Hodge, from the action of the Louisville Field Office of the Federal Bureau of Investigation on his request for access to records concerning himself.

     After carefully considering your appeal, I have decided to affirm the FBI's action on your client's request. These records are exempt from the access provision of the Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(j)(2). See 28 C.F.R. § 16.96 (2005). Because these records are not available to your client under the Privacy Act, his request has been reviewed under the Freedom of Information Act in order to afford him the greatest possible access to the records he requested.

     The FBI properly withheld certain information that is protected from disclosure under the FOIA pursuant to:

     5 U.S.C. § 552(b)(2), which concerns matters that are related solely to internal agency practices (including, in this instance, source symbol numbers);

     5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law enforcement purposes, the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties (including, in this instance, the names of FBI special agents and employees);

     5 U.S.C. § 552(b)(7)(D), which concerns records or information compiled for law enforcement purposes, the release of which could reasonably be expected to disclose the identities of confidential sources and information furnished by such sources; and

     5 U.S.C. § 552(b)(7)(E), which concerns records or information compiled for law enforcement purposes, the release of which would disclose techniques and procedures for law enforcement investigations or prosecutions.

I have determined that this information is not appropriate for discretionary release.

-2-

Furthermore, I am denying your request that we itemize and justify each item of the information withheld. You are not entitled to such a listing at the administrative stage of processing FOIA requests and appeals. See <u>Judicial Watch v. Clinton</u>, 880 F. Supp. 1, 10 (D.D.C. 1995).

If your client is dissatisfied with my action on your appeal, he may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Daniel J. Metcalfe
Director

By:

Janice G. McLeod
Senior Counsel